1
2
3
4
5
6
7
8

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS, State Bar No. 179751
LARRY M. LAWRENCE, State Bar No. 232720
ALEXANDER M. CHEMERS, State Bar No. 263726
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501
rhendricks@morganlewis.com
llawrence@morganlewis.com
achemers@morganlewis.com

Attorneys for Defendant
DELTA AIR LINES, INC.

FILED
CLERK U.S. DISTRICT COURT

APR 17 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

9
10
11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18

CV12-03341 JFW(PLAx)

JOSE VILLASENOR, on behalf of
himself and all others similarly situated,

Plaintiff,

vs.

DELTA AIR LINES, INC., a Delaware
Corporation; RON PAZ, an individual,
and DOES 1 through 10, inclusive,

Defendants.

Case No.
[L.A. Sup. Ct. Case No. BC480926]

**NOTICE OF REMOVAL BY
DEFENDANT DELTA AIR
LINES, INC.**

Date Action Filed:        March 15,
2012

19
20
21
22
23
24
25
26
27
28

1  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS**

3  **ATTORNEYS OF RECORD:**

4       **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441 and

5  1453, Defendant Delta Air Lines, Inc. (hereinafter "Delta") removes the above-

6  entitled action from the Superior Court of the State of California for the County of

7  Los Angeles to the United States District Court for the Central District of

8  California, and in furtherance of this removal avers:

9       1.      Plaintiff Jose Villasenor ("Plaintiff") commenced this action by filing

10  an unverified Complaint in the Superior Court of the State of California, County of

11  Los Angeles, entitled *Jose Villasenor v. Delta Air Lines, Inc., et al.*, Case No.

12  BC480926, alleging the following causes of action: (1) Disability Discrimination;

13  (2) Disability Harassment; (3) Failure to Provide Reasonable Accommodation; (4)

14  Failure to Engage in the Interactive Process; (5) Wrongful Discharge in Violation

15  of Public Policy; (6) Intentional Infliction of Emotional Distress; (7) Violation of

16  California Labor Code § 510; (8) Violation of California Labor Code § 1182.12; (9)

17  Violation of California Labor Code §§ 226.7, 512; (10) Violation of California

18  Labor Code §§ 201-204; (11) Violation of California Labor Code § 226; (12)

19  Violation of California Labor Code § 2802 and Applicable IWC Wage Order; and

20  (13) Unfair Business Practices in Violation of California Business and Professions

21  Code § 17200.  Plaintiff seeks to represent a putative class with respect to cause of

22  action number 7 through 13.

23       2.      On March 19, 2012, Plaintiff served Delta with the unverified

24  Complaint and other notices from the state court.  A true and correct copy of the

25  Complaint is attached as Exhibit "A."  Delta avers that Plaintiff has not yet served

26  individual Defendant Ron Paz.

27       3.      On April 17, 2012, 2012, Delta answered Plaintiff's unverified

28  Complaint.  A true and correct copy of Delta's Answer is attached as Exhibit "B."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1                    DEFENDANT'S NOTICE OF REMOVAL

DB1/ 69535234.1

1      4.    A notice of removal may be filed within thirty days after service of the

2  Complaint.  28 U.S.C. § 1446(b).  This Notice of Removal is filed within thirty (30)

3  days of service of the Complaint and, therefore, is timely under 28 U.S.C. §

4  1446(b).

5  ## CLASS ACTION FAIRNESS ACT

6      5.    As set forth below, this is a civil action of which the Court has original

7  jurisdiction pursuant to 28 U.S.C. § 1332(d) because this matter was brought as a

8  class action, minimal diversity of citizenship exists between one or more members

9  of the putative class and one or more Defendants, and the amount in controversy

10  exceeds, in the aggregate, $5,000,000 exclusive of interest and costs.  Removal is

11  therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

12      6.    This lawsuit is a civil action within the meaning of the Acts of

13  Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

14      7.    This action was brought by a putative representative person on behalf

15  of a proposed class of individuals.  *See* Exhibit "A."  As such, this matter is a

16  purported class action as that term is defined pursuant to the Class Action Fairness

17  Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

18  ## DIVERSITY OF CITIZENSHIP

19      8.    <u>Delta Air Lines</u>:  For purposes of diversity, a corporation is a citizen of

20  both the State in which it is incorporated, and the State that constitutes the

21  corporation's "principal place of business."  *See* 28 U.S.C. § 1332(c)(1).  The

22  Supreme Court has held that the "phrase 'principal place of business' in 28 U.S.C.

23  § 1332(c)(1) refers to the place where the corporation's high level officers direct,

24  control and coordinate the corporation's activities."  *Herts Corp. v. Friend,* 175 L.

25  Ed. 2d. 1029, 1034, 2010 (2010).  This "should normally be the place where the

26

27

28

[1]    Delta disputes, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

DB1/ 69535234.1

1  corporation maintains its headquarters – provided that the headquarters is the actual

2  center of direction, control, and coordination." *Id.* at 1041.

3       9.     Delta, at all pertinent times, was and is a corporation established under

4  the laws of the State of Delaware.  Additionally, Delta's principal place of business

5  is Georgia because Delta maintains its corporate headquarters in Atlanta, Georgia.

6       10.    <u>Ron Paz:</u>  Based on the allegations of Plaintiff's Complaint, Mr. Paz is

7  and was at all pertinent times a citizen of the State of California.  *See* Exhibit "A" ¶

8  2. Pursuant to 28 U.S.C. § 1453(b), Delta does not require Paz's consent to remove

9  this action.

10       11.    <u>Plaintiff:</u> Based on the allegations of Plaintiff's Complaint, Plaintiff is

11  and was at all pertinent times a citizen of the State of California.  *See* Exhibit "A" ¶

12  1. Further, Plaintiff seeks to represent a class of employees consisting of "[a]ll

13  person who were employed by Defendant as a 'Customer Service Representative'

14  from December 2007 to the present and were paid on a salaried basis, semi-

15  monthly." *Id.* at ¶ 35.  Therefore, based on the Complaint at least one member of

16  the proposed class (and indeed likely all of them) is a citizen of a state (California)

17  different from Delta (Delaware and Georgia).

18                         **AMOUNT IN CONTROVERSY**

19       12.    Pursuant to CAFA, the claims of the individual members in a class

20  action are aggregated to determine if the amount in controversy exceeds the sum or

21  value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).

22       13.    Plaintiff alleges seven different causes of action on behalf of the

23  putative class for various violations of California's Labor Code and California's

24  Business and Professions Code.  *See* Exhibit "A."  Plaintiff contends that the class

25  consists of at least 100 individuals.  *See* Exhibit "A" ¶ 37.  Delta estimates that

26  there would be in excess of 400 individuals employed in California within the past

27  four years who would fall within Plaintiff's definition of the class.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3          DEFENDANT'S NOTICE OF REMOVAL

1    14.    As set forth in more detail below, the total amount of damages sought

2  from these causes of action exceeds $5,000,000.[2]

3    (a)    <u>California Labor Code § 226</u>.  Plaintiff alleges claims on behalf

4  of the putative class for violations of California Labor Code § 226.  Plaintiff alleges

5  that he and the putative class are entitled to statutory penalties under Section

6  226(e), which provides for an aggregate penalty of $4,000 per employee.  *See*

7  Exhibit "A" ¶ 110; Cal. Lab. C. § 226(e).  Thus, assuming a penalty of $4,000 for

8  each class member, the potential aggregate penalties under California Labor Code §

9  226 would total $1,600,000.

10    (b)    <u>Missed Meal Breaks.</u>  Plaintiff also contends that Delta failed to

11  "authorize or permit" the putative class "two rest periods during a work-day and/or

12  a duty-free-meal period after five hours of work."  *See* Exhibit "A" ¶ 97.  This

13  claim is subject to a three-year statute of limitation.  *See* C.C.P. § 338.  However,

14  Plaintiff is also seeking restitution for these unpaid claims pursuant to California

15  Business and Professions Code § 17200, which is subject to a four-year statute of

16  limitations.

17    (i)    Assuming that each putative class member was not

18  "authorized or permitted" one rest break and one meal break a week, Plaintiff seeks

19  to recover for a total of 160,000 missed meal and rest breaks.

20    (ii)    Delta estimates that $19 is the likely average hourly rate

21  for the putative class.  As such, assuming 160,000 missed meal and rest breaks,

22  Plaintiff is seeking at least $4,560,000 in statutory penalties.

23    (c)    <u>Failure to Pay Overtime.</u>  Plaintiff also contends that Delta

24  failed to pay overtime wages and seeks to recover the unpaid balance of the full

25  amount of overtime compensation.  *See* Exhibit "A" ¶ 83.  This claim is subject to a

26  _____

[2]    By estimating the amount Plaintiff and the putative class may recover if they
27  prevail, Delta does not concede that Plaintiff and the putative class will prevail on
any claim or that, if they prevail, they are entitled to damages in any particular
28  amount at all.  Delta reserves the right to dispute Plaintiff and the putative class'
claims with respect to both liability and damages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4    DEFENDANT'S NOTICE OF REMOVAL

DB1/ 69535234.1

three-year statute of limitation. *See* C.C.P. § 338. However, Plaintiff is also seeking restitution for these unpaid claims pursuant to California Business and Professions Code § 17200, which is subject to a four-year statute of limitations.

(i) Plaintiff alleges that he and the putative class were required to work during "ten minute briefing meetings before shifts." *See* Exhibit "A" ¶ 85. Assuming each putative class member worked an average of five days a week, fifty weeks a year, Plaintiff seeks approximately 42 hours of overtime for each putative class member each year. Thus, Plaintiff seeks approximately 67,200 hours of overtime for the putative class.

(ii) Delta estimates that $19 is the likely average hourly rate for the putative class. As such, assuming a base hourly rate of $19, Plaintiff seeks $1,915,200 in unpaid overtime.

(d) Attorney's Fees: In calculating the total amount in controversy, an estimate of future attorney fees may be included in the amount in controversy calculation if the underlying statutes provide for them. *See Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007). California Labor Code Sections 226 and 1194 allow for an award of costs and reasonable attorney's fees. Based on previous cases of a similar nature, a reasonable estimate of potential attorney fees is $250,000 to $500,000.

15. In summary, although Delta denies Plaintiff's factual allegations or that he or the class that he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

## **VENUE**

16. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the District Court for the Central District of California, Los Angeles

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                    DEFENDANT'S NOTICE OF REMOVAL

DB1/ 69535234.1

1  Division, is the judicial district and division embracing the place where the state

2  court case is pending.

3        17.    Delta will promptly serve Plaintiff and Paz with this Notice of

4  Removal and will promptly file a copy of this Notice of Removal with the clerk of

5  the Superior Court of the State of California in and for the County of Los Angeles

6  as required under 28 U.S.C. § 1446(d).

7        18.    The Complaint and Answer attached hereto as Exhibits "A" and "B"

8  constitute all process, pleadings, and orders received or sent by Delta in this case.

9        **NOW THEREFORE**, Delta respectfully requests that this action be

10  removed from the Superior Court of the State of California in and for the County of

11  Los Angeles to the United States District Court for the Central District of

12  California, and that all proceedings hereinafter in this matter take placed in the

13  United States District Court for the Central District of California.

14  Dated:      April 17, 2012      MORGAN, LEWIS & BOCKIUS LLP

15

16

17  By        
    ROBERT JON HENDRICKS

18      LARRY M. LAWRENCE
    ALEXANDER M. CHEMERS
    Attorneys for Defendant

19      DELTA AIR LINES, INC.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6      DEFENDANT'S NOTICE OF REMOVAL

DB1/ 69535234.1

**EXHIBIT A**

ORIGINAL

1    TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
     NATASHA CHESLER (S.B. #227540)
2    THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
     A Professional Corporation
3    11377 West Olympic Boulevard, Suite 500
     Los Angeles, California 90064-1683
4    Telephone: (310) 882-6407
     Facsimile: (310) 882-6359
5    E-Mail: tmccaffrey@tbmlaw.net

6    JEFFREY K. WINIKOW (S.B. #143174)
     THE LAW OFFICES OF JEFFREY K. WINIKOW
7    A Professional Corporation
     11377 West Olympic Boulevard, Suite 500
8    Los Angeles, California 90064-1683
     Telephone: (310) 479-0070

9

10    Attorneys for Plaintiff and Class Representative
     Jose Villasenor

11

12         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13              **COUNTY OF LOS ANGELES**

14

15    JOSE VILLASENOR, on behalf of himself    CASE NO.
     and all others similarly situated,
                            **BC 480926**
16
           Plaintiff,               **COMPLAINT FOR:**
17
         vs.                      **(1) DISABILITY DISCRIMINATION**
18                             **IN VIOLATION OF CAL. GOV'T**
     DELTA AIR LINES, INC., a Delaware        **CODE §§ 19200 ET SEQ.;**
19    Corporation; RON PAZ, an individual, and
     DOES 1 through 10, inclusive,         **(2) DISABILITY HARASSMENT IN**
20                             **VIOLATION OF CAL. GOV'T CODE**
           Defendants.            **§§ 19200 ET SEQ.;**
21
                            **(3) FAILURE TO PROVIDE**
22                             **REASONABLE ACCOMMODATION**
                            **IN VIOLATION OF CAL. GOV'T**
23                             **CODE §§ 12900 ET SEQ.;**

24                             **(4) FAILURE TO ENGAGE IN THE**
                            **INTERACTIVE PROCESS IN**
25                             **VIOLATION OF CAL. GOV'T CODE**
                            **§§ 12900 ET SEQ.;**
26
                            **(5) WRONGFUL DISCHARGE IN**
27                             **VIOLATION OF PUBLIC POLICY;**

28                             **(6) INTENTIONAL INFLICTION OF**
                            **EMOTIONAL DISTRESS;**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 15 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

6024
90045

---

COMPLAINT

CLASS CLAIMS:

(7) VIOLATION OF CALIFORNIA LABOR CODE § 510;

(8) VIOLATION OF CALIFORNIA LABOR CODE § 1182.12;

(9) VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 512;

(10) VIOLATION OF CALIFORNIA LABOR CODE §§ 201-204;

(11) VIOLATION OF CALIFORNIA LABOR CODE § 226;

(12) VIOLATION OF CALIFORNIA LABOR CODE § 2802 AND APPLICABLE IWC WAGE ORDER;

AND

(13) UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*

DEMAND FOR JURY TRIAL.

Plaintiff Jose Villasenor ("Plaintiff" or "Mr. Villasenor") hereby brings his complaint against the above-named defendants and states and alleges as follows:

### General Allegations

1.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), was, and is, a Delaware corporation with its principal place of business in Atlanta, Georgia. Plaintiff is informed and believes and thereupon alleges that Delta is licensed to do business in California.

2.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein Defendant Ron Paz ("Mr. Paz"), was, and is, an individual residing in and a citizen of California.

3.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was an individual and citizen of the County of Los Angeles, State of California, and at all relevant times was employed by Defendant in the County of Los Angeles. The acts giving rise to Plaintiff's claims occurred in the County of Los Angeles.

4.     Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to this complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to Plaintiff.

5.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

6.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants and individuals named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the

1   other Defendants named herein.

2        7.    Hereinafter in the complaint, unless otherwise specified, reference to a

3   Defendant or Defendants shall refer to all Defendants, and each of them.

4        8.    Mr. Villasenor began working for Defendant on or about April 4, 2000 as a

5   "customer service representative." Mr. Villasenor, however, did not deal with Defendant's

6   customers. Instead, his job was to load and unload baggage from Defendant's aircrafts. Mr.

7   Villasenor was a good employee. He received consistent praise and raises for over a decade.

8        9.    On or about April 29, 2010, Mr. Villasenor was diagnosed as HIV positive. He

9   was emotionally overwhelmed by this news. He informed his manager, Trisha Beals ("Ms.

10   Beals"), who initially appeared sympathetic and let Mr. Villasenor take some time off. At

11   this time, Mr. Villasenor also informed another supervisor, Joseph George, also because he

12   had to request time off of work. Mr. Villasenor took approximately one month off of work

13   (most of May 2010), using part of his vacation time and part FMLA leave.

14        10.    During 2010, Mr. Villasenor would periodically call in sick due to his illness.

15   Defendant then issued a written warning for excessive absenteeism. Mr. Villasenor then

16   obtained Defendant's approval to take periodic FMLA leaves – specifically, one absence per

17   month for illness and eight absences (of four hours each) per year for medical treatment.

18        11.    Around Thanksgiving 2010, Mr. Villasenor began sensing that his co-workers

19   and other supervisors had become aware that he was HIV positive. At a Thanksgiving work

20   event, he heard managers speaking in hushed tones while eyeing him take food from the

21   buffet in the corner. He was made to feel very uncomfortable. Mr. Villasenor tried to just

22   continue doing his job.

23        12.    Mr. Villasenor's medical condition made it more difficult for him to work night

24   shifts. Thus, in approximately December 2010, Mr. Villasenor asked his supervisor for a

25   shift change as an accommodation for his disability/medical condition. Rather than help, Mr.

26   Villasenor's supervisor told him in a perfunctory fashion he would have to go through the

27   standard lengthy application process. Already exhausted, Mr. Villasenor did not pursue the

28   position because it appeared too much paperwork for him to process at the time. Neither Mr.

1  Villasenor's supervisor, nor any other of Defendant's managers discussed a change in shift –

2  or explore any other accommodation – to help Mr. Villasenor work with his

3  disability/medical condition.

4      13.   Mr. Villasenor then took a leave of absence from approximately December 13,

5  2011 through January 20, 2011. (Defendant initially purported to grant this leave as FMLA

6  leave, but then claimed Mr. Villasenor had not worked enough hours to be eligible for such

7  leave.) Almost immediately upon his return on or about January 22, 2011, Mike Cribbons (a

8  supervisor) approached Mr. Villasenor and claimed to have become aware of his "medical

9  condition." Mr. Villasenor felt his privacy had been violated. He was embarrassed and

10  uncomfortable. He asked Mr. Cribbons how he found out. Mr. Cribbons responded that the

11  insurance company told him and that he "had to know" as his supervisor.

12      14.   Also around this time, another co-worker, Mr. Reno, also made a comment that

13  he had become aware of Mr. Villasenor's medical condition. Plaintiff is informed and

14  believes that his supervisor Ms. Beals informed Mr. Reno. Through 2011, Mr. Villasenor

15  began to further feel that others within the department were becoming aware and talking

16  about his HIV status.

17      15.   In approximately early-mid May 2011, Mr. Villasenor began a new medication,

18  Wellbutrin. (In addition to his HIV status, Mr. Villasenor also suffered from depression.) He

19  was told this medication might affect his bowel movements, which he experienced on or

20  about May 25, 2011, while at work. Specifically, Mr. Villasenor did not make it to the

21  bathroom in time and defecated himself. He had to ask co-workers for help. He remained in

22  the bathroom for quite some time, understandably upset and embarrassed. Mr. Villasenor left

23  work early that day because of this incident.

24      16.   The following day, on or about May 26, 2011, Mr. Villasenor returned to work.

25  He was approached by co-worker Ron Paz, who began taunting him about his

26  disability/medical condition. He asked Mr. Villasenor repeatedly to just tell him what "his

27  sickness was." He said that "everyone" was talking about it and about how Mr. Villasenor

28  was going to get in trouble if he continued to call in sick. Mr. Villasenor asked Mr. Paz to

1  leave him alone and told him that his medical condition was a private matter and none of his

2  business. But Mr. Paz would not relent. He continued to pepper Mr. Villasenor – who was

3  still recovering from the embarrassment of the previous day – with personal questions. Mr.

4  Villasenor asked who all these other people were that were talking about him. Mr. Paz

5  refused to answer. He told Mr. Villasenor "your mouth stinks." Mr. Paz invaded Mr.

6  Villasenor's personal space in a physically threatening manner. Their voices escalated until

7  other co-workers separated them.

8       17.    Mr. Villasenor went with a group of co-workers to a break room. Mr.

9  Villasenor retreated to a corner of the room alone. Out of the overwhelming feeling of

10  frustration, embarrassment, shame, being harassed, and the feeling that Defendant had no care

11  to protect his privacy, Mr. Villasenor hit the refrigerator. There were no other employees

12  within Mr. Villasenor's immediate area (*i.e.* within his reach). No one expressed any fear.

13  Nor did Mr. Villasenor do so in a threatening manner. Instead, this was merely a release of

14  frustration over a harassing and hostile situation.

15       18.    Shortly thereafter, Mr. Villasenor paced outside to calm down. Another side

16  effect of his HIV status and the medications he takes is an extreme pain in his legs. While

17  pacing, Mr. Villasenor fell down on his hand (the same hand with which he had hit the

18  refrigerator). He filed a workers' compensation claim for this injury.

19       19.    Mr. Villasenor complained to a supervisor on duty, Mr. Proffitt, about the

20  situation with Mr. Paz and others discussing his HIV status. He also asks Mr. Proffitt to

21  speak with Mr. Paz and ask him to leave Mr. Villasenor alone. But Mr. Villasenor is

22  informed and believes that nothing was done in response to these complaints.

23       20.    Mr. Villasenor was put on light duty due to the injury to his hand through

24  approximately June 1, 2011. But Defendant claimed to have no light duty work for him and

25  sent him home instead. When he returned as scheduled on June 1, 2011, he was called into

26  Ms. Beals' office.

27       21.    During this meeting, Ms. Beals and Lance Johnson (another supervisor) spoke

28  with Mr. Villasenor regarding the incident with Ron Paz and also Mr. Villasenor's workers'

1  compensation claim.  They typed up a statement and asked Mr. Villasenor to sign it, which he

2  did.  They then placed Mr. Villasenor on suspension pending "investigation" of the incident

3  with Ron Paz.

4       22.    During June 2011, Ms. Beals contacted Mr. Villasenor and asked for repeated

5  written statements agreeing that the injury to Mr. Villasenor's hand was *not* caused by falling

6  at work, but instead by hitting the refrigerator.  Obviously wanting to keep his job -- and thus

7  having to please Ms. Beals in order to do so -- Mr. Villasenor complied.  In addition, Mr.

8  Villasenor explained to Ms. Beals that his psychiatrist had recently put him on new

9  medications and coupled with the medications he was taking for his HIV status, he was

10  experiencing bad side effects such as severe leg pain, diarrhea, and memory problems.  He

11  also explained that he had been told that the new medication could make him more

12  aggressive, which he believed explained the incident with the refrigerator.  Neither Ms. Beals,

13  nor any other agent for Defendant, responded to this communication.

14      23.    On or about June 21, 2011, Mr. Villasenor then provided Ms. Beals with a letter

15  from his psychiatrist confirming that he had been placed on a new drug, Wellbutrin, which

16  had possible side effects of irritability and agitation and that this may have contributed to his

17  conduct at work.  Mr. Villasenor's doctor further explained that she had discontinued this

18  medication.  Again -- neither Ms. Beals, nor any other agent for Defendant responded to this

19  communication.

20      24.    Shortly thereafter (in approximately late June 2011), Mr. Villasenor's

21  psychiatrist called Ms. Beals to discuss Mr. Villasenor's medical condition.  Ms. Beals did

22  not take the call or ever return it.

23      25.    On or about July 11, 2011, Mr. Villasenor contacted Ms. Beals asking whether

24  a decision had been reached concerning his suspension.  She replied the following day that

25  the "review process [was] still underway."

26      26.    It was not until approximately August 13, 2011 -- after being suspended for over

27  two months -- that Mr. Villasenor was contacted by Defendant and informed that a decision

28  had been reached to terminate his employment.  He was informed that he had 24 hours to

1  decide whether to leave it as a discharge or a voluntary resignation.  Defendant suggested that

2  he choose voluntary resignation to help his chances of obtaining other employment and/or

3  "rehire" within the company. Mr. Villasenor – with no other meaningful choice – agreed to

4  call it a voluntary resignation.

5       27.    Thereafter, Mr. Villasenor appealed his termination within Defendant's appeals

6  process.  He submitted multiple letters from his physicians supporting the foregoing.  But

7  those pleas too went ignored.

8       28.    At no time throughout this process did Defendant discuss with Mr. Villasenor

9  (or his physicians) any possible accommodations short of termination.  Nor did Defendant

10 ever discuss with Mr. Villasenor (or his physicians) whether Mr. Villasenor posed any kind of

11 threat.  Instead of working with Mr. Villasenor to see what, if anything, could be worked out,

12 Defendant summarily terminated him in flagrant disregard of his rights under the law.

13      29.    On or about March 5, 2012, Plaintiff filed charges of discrimination with the

14 Department of Fair Employment and Housing and obtained an immediate right-to-sue notice.

15 Plaintiff has exhausted his administrative remedies.

16                              **LABOR CODE VIOLATIONS**

17      30.    Mr. Villasenor was employed as a "customer service representative" from

18 approximately April 4, 2000, until August 13, 2011.  Plaintiff has standing to bring this action

19 on behalf of himself and the putative class members pursuant to, among other statutes,

20 California Code of Civil Procedure § 382, California Labor Code §§ 203, 210, 226, 558,

21 1194(a) and/or 2699, and California Business & Professions Code §§ 17200 et seq.

22      31.    Beginning in approximately 2004, Defendant followed a policy and practice of

23 classifying and treating its customer service representatives as exempt from overtime and

24 other wage and hour laws.  Defendant paid these employees on a salaried basis.  Defendant

25 did not pay Plaintiff and the putative class members overtime pay for hours worked in excess

26 of eight (8) in a day and/or forty (40) in a week.  Defendant also did not always authorize and

27 permit Plaintiff and the putative class members statutorily required meal and/or rest breaks.

28      32.    In addition, since at least 2004, Defendant provided pay stubs that did not

1  reflect the applicable hourly rate(s) that Plaintiff and the putative class members were being

2  paid.

3      33.    Further, Plaintiff and the putative class members were required to attend

4  "briefing" sessions at least a few times each week.  These "briefing" sessions began

5  approximately ten minutes before a scheduled shift began and dealt with an overview of what

6  was required of the customer service representatives that day.  The meetings lasted

7  approximately ten minutes.  Defendant, however, did not permit Plaintiff and the putative

8  class members to clock in any earlier than five minutes before a shift.  Thus, they were unable

9  to clock in before these "briefing" sessions and Defendant accordingly failed to pay Plaintiff

10  and the putative class members for this work.

11      34.    Defendant also required its customer service representatives to wear a uniform.

12  This included a shirt, pants, and steel toe shoes.  The customer service representatives also

13  had to purchase and wear knee-pads given the nature of their duties (often on their hands and

14  knees sorting and moving luggage).  Defendant purported to pay for the required uniform and

15  safety equipment by providing customer service representatives with a "stipend" of

16  approximately $250 per year.  This, however, was far from sufficient.  Indeed, the cost of the

17  required steel toe shoes alone took up a considerable portion of the "stipend."  Thus, Plaintiff

18  and putative class members were forced to also pay for the costs of the required uniform and

19  safety equipment.

20  ## CLASS ALLEGATIONS

21      35.    The class for whose benefit this action is being prosecuted is defined as

22  follows: *All persons who were employed by Defendant as a "Customer Service*

23  *Representative" from December 2007 to the present and were paid on a salaried basis, semi-*

24  *monthly (the "putative class").*  Plaintiff reserves the right to create sub-classes if necessary.

25      36.    All members of the putative class have had their rights under the California

26  Labor Code violated by Defendant's labor and payroll practices and have suffered injury as

27  the result of Defendant's conduct.

28      37.    The putative class members as described in Paragraph 35, above, are

1   ascertainable.  Members of the class, estimated to be approximately at least 100 in number,

2   and can be readily identified from personnel files, payroll records, computer databases or

3   other records maintained by Defendant.

4          38.     The litigation of the questions of fact and law involved in this action will

5   resolve the rights of all putative class members and hence will have a binding effect on all

6   class members.

7          39.     The class is sufficiently numerous, and joinder of separate claims brought by

8   each and every class member is impracticable, due to both a reluctance of certain class

9   members to join in a lawsuit that could impose costs on their current or former employer and

10  the high cost of separate, individual litigation in comparison to the amount of monetary

11  recovery for individual class members.

12         40.     The putative class has a well-defined community of interest in the questions of

13  fact and law to be litigated.  The common questions of law and fact predominate with respect

14  to the liability issues, relief issues and anticipated affirmative defenses.

15         41.     The claims of the named plaintiff are typical of those for all putative class

16  members.  Plaintiff was employed as a "customer service representative" from approximately

17  April 4, 2000, until August 13, 2011.  From at least 2004 until 2011, Plaintiff was classified

18  as non-exempt and paid on a salary basis, semi-monthly.  Plaintiff, like the other putative

19  class members, received inaccurate and incomplete pay stubs, worked overtime but was not

20  accurately paid for it, attended briefing meetings but was not paid for it, was forced to

21  purchase required uniform and/or equipment but was not reimbursed for it, and has received

22  less than what was due to him upon the termination of his employment.

23         42.     Plaintiff can fairly and adequately represent and protect the interests of the class

24  in that there is no conflict between his interests and the interests of the other class members,

25  this action is not collusive, the named plaintiff and counsel have the necessary resources to

26  litigate this action and class counsel has the experience and ability to prosecute this case as a

27  class action.

28         43.     In addition, pursuant to California Labor Code § 2699.3, the named plaintiff

03/15/12

1   took the initiative to notify the Labor and Workforce Development Agency ("LWDA") of

2   these violations, including the facts and theories to support the violations, on or about March

3   13, 2012.  To date, the LWDA has not notified Plaintiff that it will investigate the violations

4   detailed in his March 12, 2012.  Accordingly, Plaintiff has followed the appropriate steps to

5   enable Plaintiff and the putative class members to pursue civil penalties pursuant to

6   California Labor Code § 2699 for Defendant's violations of California Labor Code §§ 201-

7   203, 226, 226.3, 226.7, and 512, and California Business & Professions Code §§ 17200 *et*

8   *seq.*, as alleged herein.

9       44.    The certification of a class in this action is superior to the separate litigation of

10   a multitude of cases by members of the putative class.  Class adjudication will conserve

11   judicial resources and will avoid the possibility of inconsistent rulings.  Moreover, there are

12   class members who are unlikely to join or bring an action due to, among other reasons, their

13   fear of retaliation for joining a lawsuit against their current or former employer and/or their

14   inability to afford the prosecution of separate, individual actions.  Finally, equity dictates that

15   all persons who stand to benefit from the relief sought herein should be subject to the lawsuit

16   and hence subject to an order spreading the costs of litigation among all class members.

17   **INDIVIDUAL CLAIMS**

18   **FIRST CAUSE OF ACTION**

19   **(DISABILITY DISCRIMINATION**

20   **IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.***

21   **AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10**

22   **ON BEHALF OF PLAINTIFF ALONE)**

23       45.    Plaintiff realleges and incorporates herein paragraphs 1–29 of this complaint as

24   though fully set forth.

25       46.    Under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code

26   §§ 12900 *et seq.*, it is an unlawful employment practice for an employer to discharge an

27   employee in whole or in part because of an employee's disability and/or medical condition.

28   *See, e.g.*, Cal. Gov't Code § 12940(a).

03/15/12

47.     As set forth above, Plaintiff suffers from a disability and/or medical condition under California law because he has been diagnosed HIV positive, and/or suffers from psychological disabilities including anxiety and depression, that limit him in several major life activities, including making him unable to work, concentrate, and otherwise perform every day tasks. Plaintiff made Defendant aware of his disability and/or medical condition on numerous occasions and requested reasonable accommodations for his disability and/or medical condition (*e.g.* a leave of absence, a shift change, etc.) on numerous occasions. Defendant suspended Plaintiff's employment allegedly because he hit a refrigerator. But Plaintiff and his physician's explained to Defendant that this incident was the result of a side-effect of a new medication that made Plaintiff more aggressive. No physical harm to co-workers occurred or was threatened. Nor did any co-workers report feeling threatened. Defendant terminated Plaintiff after over a decade of employment following this incident. Defendant, thus, terminated Plaintiff because of his disability and/or medical condition in violation of the FEHA.

48.     As a direct, legal, and proximate result of Defendant's conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which Plaintiff is entitled to general and special damages according to proof.

49.     As a further direct, legal and proximate result of Defendant's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

50.     Plaintiff is informed and believes and thereupon alleges that Defendant's actions and each of them were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (DISABILITY HARASSMENT IN VIOLATION OF

### CAL. GOV'T CODE §§ 12900 *ET SEQ.*

### AGAINST DEFENDANT RON PAZ AND DOES 1-10

### ON BEHALF OF PLAINTIFF ALONE)

51.   Plaintiff realleges and incorporates herein paragraphs 1–29 and 45–50 of this complaint as though fully set forth.

52.   Under the FEHA, Cal. Gov't Code §§ 12900 *et seq.*, it is an unlawful employment practice for an employer or entity to harass an employee because of a disability and/or medical condition. Cal. Gov't Code § 12940(j)(1). Defendant Ron Paz is subject to independent liability for such harassment. Cal. Gov't Code § 12940(j)(3).

53.   As set forth above, defendant Ron Paz assaulted Plaintiff because of his disability and/or medical condition. Mr. Paz questioned Plaintiff about his medical condition, made insulting and demeaning comments (such as that Plaintiff's "mouth stinks"), raised his voice, and approached him in a physically threatening manner such that Plaintiff feared physical harm. Mr. Paz so humiliated, embarrassed, demeaned and frightened Plaintiff that Plaintiff broke down in tears and struck a refrigerator. This incident was further humiliating because it was done in full view of other co-workers as well. Mr. Paz's conduct was so severe that it altered Plaintiff's work environment and made it more difficult for him to do his job.

54.   As a direct, legal, and proximate result of defendants Ron Paz's conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which Plaintiff is entitled to general and special damages according to proof.

55.   As a further direct, legal and proximate result of defendant Ron Paz's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof.

56.   Plaintiff is informed and believes and thereupon alleges that defendants' actions and each of them were taken with malice, oppression, fraud, and/or willful and conscious

1  disregard of Plaintiff's rights, and were carried out by defendants' managing agents and/or

2  ratified by defendant.  Plaintiff is therefore entitled to punitive damages in an amount to be

3  determined at trial.

### THIRD CAUSE OF ACTION

### (FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.*

### AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10

### ON BEHALF OF PLAINTIFF ALONE)

9      57.    Plaintiff realleges and incorporates herein paragraphs 1–29 and 45–56 of this

10  complaint as though fully set forth.

11      58.    Under the FEHA, Cal. Gov't Code §§ 12900 *et seq.*, it is an unlawful

12  employment practice for an employer to fail to offer a reasonable accommodation to an

13  employee with a disability.  *See, e.g.*, Cal. Gov't Code § 12940(m).

14      59.    As set forth above, Plaintiff suffers from a disability and/or medical condition

15  under California law because he has been diagnosed HIV positive, and/or suffers from

16  psychological disabilities including anxiety and depression, that limit him in several major

17  life activities, including making him unable to work, concentrate, and otherwise perform

18  every day tasks.  Plaintiff made Defendant aware of his disability and/or medical condition on

19  numerous occasions and requested reasonable accommodations for his disability and/or

20  medical condition (*e.g.* a leave of absence, a shift change, etc.) on numerous occasions.

21  Defendant suspended Plaintiff's employment allegedly because he hit a refrigerator.  But

22  Plaintiff and his physician's explained to Defendant that this incident was the result of a side-

23  effect of a new medication that made Plaintiff more aggressive.  No physical harm to co-

24  workers occurred or was threatened.  Nor did any co-workers report feeling threatened.

25      60.    But Defendant failed to provide Mr. Villasenor with his requested shift change.

26  And Defendant further failed to accommodate Mr. Villasenor by returning him to work (or

27  providing a leave of absence) after his physician made clear that his conduct regarding the

28  refrigerator incident was the result of a side-effect of medication he was taking for his

1   disability and/or medication, which his physician had then stopped prescribing.

2       61.   Instead of returning Plaintiff to work, placing him on a leave of absence, or

3   exploring alternative reasonable accommodations that could have allowed Plaintiff to save his

4   job, Defendant summarily terminated Plaintiff's employment. Defendant, thus, failed to

5   reasonably accommodate Plaintiff in violation of the FEHA.

6       62.   As a direct, legal, and proximate result of Defendant's conduct, as alleged

7   above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which

8   Plaintiff is entitled to general and special damages according to proof.

9       63.   As a further direct, legal and proximate result of Defendant's conduct, Plaintiff

10   was caused to and did employ the services of counsel to prosecute this action, and is

11   accordingly entitled to an award of attorneys' fees according to proof.

12       64.   Plaintiff is informed and believes and thereupon alleges that Defendant's

13   actions and each of them were taken with malice, oppression, fraud, and/or willful and

14   conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

15   agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an

16   amount to be determined at trial.

17                  **FOURTH CAUSE OF ACTION**

18        **(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

19        **IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.***

20      **AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10**

21              **ON BEHALF OF PLAINTIFF ALONE)**

22       65.   Plaintiff realleges and incorporates herein paragraphs 1–29 and 45–64 of this

23   complaint as though fully set forth.

24       66.   Under the FEHA, Cal. Gov't Code §§ 12900 *et seq.*, it is an unlawful

25   employment practice for an employer to fail to engage in a timely, good-faith interactive

26   process with a disabled employee to determine if a reasonable accommodation exists. *See,*

27   *e.g.*, Cal. Gov't Code § 12940(n).

28       67.   As set forth above, Plaintiff suffers from a disability and/or medical condition

1  under California law because he has been diagnosed HIV positive, and/or suffers from

2  psychological disabilities including anxiety and depression, that limit him in several major

3  life activities, including making him unable to work, concentrate, and otherwise perform

4  every day tasks.  Plaintiff made Defendant aware of his disability and/or medical condition on

5  numerous occasions and requested reasonable accommodations for his disability and/or

6  medical condition (*e.g.* a leave of absence, a shift change, etc.) on numerous occasions.

7  Defendant suspended Plaintiff's employment allegedly because he hit a refrigerator.  But

8  Plaintiff and his physician's explained to Defendant that this incident was the result of a side-

9  effect of a new medication that made Plaintiff more aggressive.  No physical harm to co-

10  workers occurred or was threatened.  Nor did any co-workers report feeling threatened.

11  Moreover, Mr. Villasenor's physician made clear that his conduct regarding the refrigerator

12  incident was the result of a side-effect of medication he was taking for his disability and/or

13  medication, which his physician had then stopped prescribing.

14      68.    Plaintiff's request for an accommodation triggered Defendant's obligation to

15  engage in a good-faith interactive process to determine if any accommodation existed that

16  would allow Plaintiff to remain employed.  Instead of engaging in a good-faith interactive

17  process with Plaintiff to determine when he could return, if he needed any additional

18  accommodation to do his job, and/or providing a leave of absence (as to do so would not have

19  imposed an undue hardship), Defendant simply terminated Plaintiff's employment without

20  first engaging in the required interactive process.  Defendant, thus, failed to engage in a good-

21  faith interactive process in violation of the FEHA.

22      69.    As a direct, legal, and proximate result of Defendant's conduct, as alleged

23  above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which

24  Plaintiff is entitled to general and special damages according to proof.

25      70.    As a further direct, legal and proximate result of Defendant's conduct, Plaintiff

26  was caused to and did employ the services of counsel to prosecute this action, and is

27  accordingly entitled to an award of attorneys' fees according to proof.

28      71.    Plaintiff is informed and believes and thereupon alleges that Defendant's

1  actions and each of them were taken with malice, oppression, fraud, and/or willful and

2  conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

3  agents and/or ratified by Defendant.  Plaintiff is therefore entitled to punitive damages in an

4  amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10
### ON BEHALF OF PLAINTIFF ALONE)

9  72.    Plaintiff realleges and incorporates herein paragraphs 1–29 and 45–71 of this

10 complaint as though fully set forth.

11 73.    It is against fundamental and well established public policy to discharge an

12 employee because of his disability and/or medical condition and/or to circumvent

13 accommodating the employee and/or engaging in the interactive process.  This fundamental

14 public policy is embodied in the FEHA.  *See, e.g.,* Cal. Gov't Code § 12940(a), (m), (n).

15 74.    As set forth above, Defendant discharged Plaintiff in whole or in part in

16 violation of these fundamental public policies.  Defendant, thus, committed the tort of

17 wrongful discharge in violation of public policy.

18 75.    As a direct, legal, and proximate result of Defendant's conduct, as alleged

19 above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which

20 Plaintiff is entitled to general and special damages according to proof.

21 76.    Plaintiff is informed and believes and thereupon alleges that Defendant's

22 actions and each of them were taken with malice, oppression, fraud, and/or willful and

23 conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

24 agents and/or ratified by Defendant.  Plaintiff is therefore entitled to punitive damages in an

25 amount to be determined at trial.

26

27

28

03/15/12

## SIXTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST ALL DEFENDANTS

## ON BEHALF OF PLAINTIFF ALONE)

77.   Plaintiff realleges and incorporates herein paragraphs 1–29 and 45–76 of this complaint as though fully set forth.

78.   Defendants' above described conduct was extreme and outrageous and beyond the bounds of all decency and as a violation of statute and/or public policy outside the course and scope of the normal employment relationship.  Defendants acted with the intent to denigrate and degrade Plaintiff.  The conduct of Delta in terminating Plaintiff based on his disability and/or medical condition, and/or an effort to avoid having to accommodate Plaintiff and/or engage in the interactive process, violated California statutory law and public policy against such conduct and was not anticipated by Plaintiff at the inception or during the course of his employment.  The conduct of defendant Ron Paz in assaulting Plaintiff also was humiliating and beyond the bounds of all decency.

79.   Plaintiff could not have reasonably anticipated termination in violation of California statutory law or public policy as a consequence of his employment.

80.   As a legal, direct, and proximate result of Defendants' extreme and outrageous conduct, as alleged above, Plaintiff has suffered severe emotional distress, anxiety, worry, sleeplessness, and shock, in an amount according to proof.

81.   Plaintiff is informed and believes and thereupon alleges that Defendants' actions and each of them were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendant.  Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## CLASS CLAIMS

## SEVENTH CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LABOR CODE § 510

## AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10

## ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)

82.    Plaintiff, on behalf of himself and all putative class members, hereby realleges and incorporates herein paragraphs 1–8 and 30–44, of this complaint as though fully set forth.

83.    Under California Labor Code § 510, Defendant had a statutory obligation to pay Plaintiff and the putative class members one-and-one-half times their regular rate of pay for hours they worked in excess of eight in a day or 40 in a week.

84.    Given the nature of the customer service representatives' duties – carrying out Defendant's business – Plaintiff and the putative class members performed as production line employees.  Their duties did not involve substantial independent judgment and/or discretion. They did not supervise other employees.  Nor did they have authority to hire or fire employees.  They were, thus non-exempt employees under the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission.

85.    But from at least 2004 to at least August 2011, Defendant classified its customer service representatives as exempt employees and followed a policy and practice of failing to them the statutorily required overtime rate when such overtime hours were worked, including, but not limited to the required ten minute briefing meetings before shifts.  Thus, Defendant violated California Labor Code § 510.

86.    Pursuant to California Labor Code § 1194(a), Plaintiff may and hereby does bring this action to recover for himself and the putative class members the balance of unpaid overtime wages, interest, reasonable attorneys' fees, and costs of suit.

87.    Plaintiff and the putative class members have been damaged by Defendant's violation of California Labor Code § 510, and they seek recovery of unpaid wages, interest, and attorneys' fees, and costs, as well as civil penalties under California Labor Code §§ 558 and 2699.

88.   Plaintiff, on behalf of himself and the putative class members, has been required to retain counsel to pursue his rights and the rights of the putative class members and therefore seeks attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 558, 1194(a) and 2699(g)(1).

89.   Plaintiff, on behalf of himself and the putative class members, seeks an award of interest pursuant to California Labor Code §§ 218.6 and 2699(g)(1).

## EIGHTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE § 1182.12

### AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10

### ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)

90.   Plaintiff, on behalf of himself and all putative class members, hereby realleges and incorporates herein paragraphs 1–8, 30–44, and 82–89 of this complaint as though fully set forth.

91.   Under California Labor Code § 1182.12, Defendant had a statutory obligation to pay Plaintiff and the putative class members at least the current minimum wage for all hours worked.  By requiring its customer service representatives to attend briefing meetings before their shifts, but not permitting them to clock in prior to such meetings, and failing to pay for such time, Defendant failed to pay Plaintiff and the putative class members at least the current minimum wage for those hours worked.  Indeed, Defendant failed to pay for this time at all.  Such off-the-clock work is a violation of the Labor Code and the applicable IWC Order.

92.   Pursuant to California Labor Code § 1194(a), Plaintiff may and hereby does bring this action to recover for himself and the putative class members the balance of unpaid minimum wages, interest, reasonable attorneys' fees, and costs of suit.

93.   Plaintiff and the putative class members have been damaged by Defendant's violation of California Labor Code § 1182.12 and they seek recovery of unpaid wages, interest, and attorneys' fees, and costs.

94.   Plaintiff, on behalf of himself and the putative class members, has been

1  required to retain counsel to pursue his rights and the rights of the putative class members and

2  therefore seeks attorneys' fees and costs pursuant to California Labor Code § 1194(a).

3       95.    Plaintiff, on behalf of himself and the putative class members, seeks an award

4  of interest pursuant to California Labor Code § 218.6.

5  **NINTH CAUSE OF ACTION**

6  **(VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7. 512**

7  **AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10**

8  **ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)**

9       96.    Plaintiff, on behalf of himself and all putative class members, hereby realleges

10  and incorporates herein paragraphs 1–8, 30–44, and 82–95 of this complaint as though fully

11  set forth.

12       97.    In addition, from at least 2004 to 2011, Defendant failed to comply with

13  California Labor Code §§ 226.7 and 512 because it did not authorize or permit its customer

14  service representatives two rest periods during a work-day and/or a duty-free-meal period

15  after five hours of work.

16       98.    Under California Labor Code § 226.7, Plaintiff and putative class members are

17  entitled to at least one hour of premium pay for each failure of Defendant to provide

18  statutorily required rest periods and/or meal periods.

19       99.    Plaintiff and the putative class members have been damaged by Defendant's

20  violation of California Labor Code § 226.7 and they seek recovery of unpaid wages, interest,

21  and attorneys' fees, and costs, in addition to penalties under California Labor Code §§ 203,

22  210, 226, 226.3, 558, 1194(a), and/or 2699 because Defendant did not pay Plaintiff and

23  putative class members accurately in a timely manner for the rest periods and/or meal periods

24  they were deprived of during their employment and/or upon their discharge.

25       100.   Plaintiff, on behalf of himself and the putative class members, has been

26  required to retain counsel to pursue his rights and the rights of the putative class members and

27  therefore seeks attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 558,

28  1194(a), and/or 2699.

21
COMPLAINT

101.   Plaintiff, on behalf of himself and the putative class members, seeks an award of interest pursuant to California Labor Code § 218.6.

## TENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE §§ 201-204

### AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10

### ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)

102.   Plaintiff, on behalf of himself and all putative class members, hereby realleges and incorporates herein paragraphs 1–8, 30–44, and 82–101 of this complaint as though fully set forth.

103.   California Labor Code § 204 requires that an employer who pays its employees semi-monthly must pay their employees all wages earned within 10 or 11 days following the semi-monthly pay period in which work was performed. By failing to pay for overtime hours worked, time spent at required briefings, and/or premium pay for meal and/or rest breaks that were not provided, Defendant failed to pay all wages earned within 10 or 11 days following the semi-monthly pay period in which work was performed. In fact, Defendant still owes Plaintiff and the putative class members wages that they earned from at least 2004 to the present. Accordingly, Defendant willfully has violated California Labor Code § 204.

104.   In addition, California Labor Code §§ 201-202 requires an employer to immediately pay wages due and owing upon termination. By failing to pay Plaintiff and the putative class members the foregoing wages upon termination, Defendant also violated California Labor Code §§ 201-202.

105.   Pursuant to California Labor Code §§ 210 and 2699, Plaintiff and the putative class members seek civil penalties for Defendant's violation of California Labor Code §§ 201-204.

106.   Plaintiff, on behalf of himself and the putative class members, has been required to retain counsel to pursue her rights and the rights of the putative class members and therefore seeks attorneys' fees and costs pursuant to California Labor Code §§ 218.5 and 2699.

1  107.  Plaintiff, on behalf of himself and the putative class members, seeks an award

2  of interest pursuant to California Labor Code § 218.6.

3  <u>**ELEVENTH CAUSE OF ACTION**</u>

4  **(VIOLATION OF CALIFORNIA LABOR CODE § 226**

5  **AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10**

6  **ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)**

7  108.  Plaintiff, on behalf of himself and all putative class members, hereby realleges

8  and incorporates herein paragraphs 1–8, 30–44, and 82–107 of this complaint as though fully

9  set forth.

10  109.  California Labor Code § 226 requires employers to provide an accurate

11  itemized statement showing the total hours worked by the employee for the pay period; it also

12  requires that, for non-exempt employees, the pay stub must set forth the applicable hourly

13  rate or rates for the hours worked in that pay period. Cal. Lab. Code §§ 226(a)(2), (a)(9). As

14  set forth above, Defendant failed to provide the putative class members with a pay stub that

15  accurately reflected the total hours worked for the pay period or the applicable hourly rate(s)

16  for the hours worked in that pay period.

17  110.  Defendant's failure to comply with California Labor Code § 226(a) was

18  knowing and intentional and each putative class member is entitled to statutory penalties or

19  actual damages under California Labor Code § 226(e). In sum, Defendant failed to provide

20  the number of hours worked and the applicable hourly rates so that Plaintiff and the putative

21  class members could not determine the amount of wages that were earned and due to them.

22  Defendant followed this policy and practice so that it could underpay Plaintiff and the

23  putative class members.

24  111.  Plaintiff, on behalf of himself and the putative class members, also hereby seeks

25  civil penalties pursuant to California Labor Code § 226.3, which provides that any employer

26  who violates California Labor Code § 226(a) shall be subject to a civil penalty in the amount

27  of $250 per employee per violation in an initial citation and $1,000 per employee for each

28  violation in a subsequent citation. Under California Labor Code § 2699, Plaintiff and the

1  putative class are entitled to their share of this civil penalty because Defendant's violation

2  was knowing, intentional, and certainly not inadvertent or due to a clerical error.

3      112.   Plaintiff, on behalf of himself and the putative class members, also hereby

4  requests attorneys' fees, costs, and interest pursuant to California Labor Code §§ 226(g)

5  and/or 2699.

## TWELFTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE § 2802 AND IWC WAGE ORDER

### AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10

### ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)

10     113.   Plaintiff, on behalf of himself and all putative class members, hereby realleges

11  and incorporates herein paragraphs 1–8, 30–44, and 82–112 of this complaint as though fully

12  set forth.

13     114.   California Labor Code § 2802 requires an employer to indemnify its employee

14  for all necessary expenditures or losses incurred in direct consequence of the discharge of

15  his/her duties or his/her obedience to the employer's directions.  Similarly, the IWC Wage

16  Orders provide that when uniforms are required by the employer to be worn as a condition of

17  employment, the uniforms must be provided and maintained by the employer.

18     115.   As previously explained, Defendant required Plaintiff and the putative class

19  members to wear uniforms and/or certain protective safety equipment.  Defendant purported

20  to pay for these items by providing a stipend of approximately $250 per year.  But Defendant

21  knew or should have known that such an amount was grossly insufficient to cover the

22  required uniforms and/or safety equipment.  Thus, Plaintiff and the putative class members

23  were required to pay out of their own pocket for uniforms and/or safety equipment in

24  violation of the Labor Code and/or the applicable IWC Wage Order.

25     116.   Plaintiff and the putative class members have been damaged by Defendant's

26  conduct and they seek recovery of these expenses, interest, and attorneys' fees, and costs, in

27  addition to penalties under California Labor Code §§ 558, 1194(a), and/or 2699.

28     117.   Plaintiff, on behalf of himself and the putative class members, has been

1  required to retain counsel to pursue her rights and the rights of the putative class members

2  and therefore seeks attorneys' fees and costs pursuant to California Labor Code §§ 2802

3  and/or 2699.

4      118.  Plaintiff, on behalf of himself and the putative class members, seeks an award

5  of interest as well.

6  **THIRTEENTH CAUSE OF ACTION**

7  **(UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

8  **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ*.**

9  **AGAINST DEFENDANT DELTA AIR LINES, INC. AND DOES 1-10**

10 **ON BEHALF OF PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED)**

11     119.  Plaintiff, on behalf of himself and all putative class members, hereby realleges

12 and incorporates herein paragraphs 1–8, 30–44, and 82–118 of this complaint as though fully

13 set forth.

14     120.  As described hereinabove, Defendant followed a policy and practice of failing

15 to comply with California Labor Code provisions by failing to properly pay for overtime

16 hours worked and/or briefing sessions attended, failing to authorize and/or permit meal and/or

17 rest breaks, failing to timely pay wages due and owing, failing to provide an accurately

18 itemized paystub, and failing to properly reimburse for required uniforms and/or safety

19 equipment from at least 2004 through 2011.  During this time period, Defendant failed to

20 follow the law and failed to pay all wages due to Plaintiff and the putative class members.

21     121.  Defendant knowingly, intentionally, and fraudulently concealed its unlawful

22 payroll practices from Plaintiff and the putative class members so that it could save money

23 and bolster its bottom line.  Defendant engaged in this sharp, unlawful, and unfair practice to

24 avoid payment to Plaintiff and the putative class members of that what was legal owed to

25 them.  In engaging in the aforementioned conduct, Defendant has engaged in unlawful,

26 unfair, and fraudulent business practices in violation of California Business and Professions

27 Code §§ 17200 *et seq.*

28     122.  Plaintiff has suffered economic harm and actual injury as the result of

03/15/12

1 | Defendant's unlawful, unfair, and fraudulent business practices and, therefore, has standing to

2 | bring this action on behalf of himself and the putative class members.

3 |     123.   As the result of Defendant's unlawful, unfair, and fraudulent conduct,

4 | Defendant has been unjustly enriched insofar as Defendant has withheld and recouped wages

5 | that were due to Plaintiff and the putative class members and avoided its legal obligation to

6 | pay Plaintiff and the putative class members statutory penalties that were due to them.

7 |     124.   Plaintiff, on behalf of himself and the putative class members, is entitled to

8 | restitution of all of the wages earned and due to the putative class members, any other of

9 | Defendant's ill begotten gains, and injunctive relief prohibiting Defendant from engaging in

10 | the unlawful, unfair, and fraudulent payroll practices described herein.

11 |     125.   Plaintiff, on behalf of himself and the putative class members, also seeks

12 | interest on the amount of restitution awarded to Plaintiff and the putative class members.

13 |     126.   Plaintiff, on behalf of himself and the putative class members, also seeks

14 | attorneys' fees under California Code of Civil Procedure § 1021.5 because this lawsuit seeks

15 | to enforce important public rights guaranteed by the California Labor Code.

16 | **PRAYER FOR RELIEF**

17 |     WHEREFORE, Plaintiff Jose Villasenor, on behalf of himself and the putative class

18 | members, prays for judgment against Defendants Delta Airlines, Inc., Ron Paz, and Does 1

19 | through 10, inclusive, and each of them, as follows:

20 |     1.     For general damages according to proof, on each cause of action for which such

21 | damages are available;

22 |     2.     For compensatory damages, according to proof on each cause of action for

23 | which such damages are available;

24 |     3.     For special damages, including punitive damages, according to proof on each

25 | cause of action for which such damages are available;

26 |     4.     For unpaid wages according to proof, on each cause of action for which such

27 | damages are available;

28 |

5. For equitable relief, including injunctive relief, according to proof on each cause of action for which such damages are available;

6. For statutory and civil penalties, according to proof on each cause of action for which such damages are available;

7. For prejudgment and postjudgment interest on any lost or unpaid wages according to law;

8. For restitution of earned and due wages unlawfully and unfairly withheld;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 1194(a), and 2699(g)(1), California Code of Civil Procedure § 1021.5, California Government Code § 12965(b), and any other relevant provision under California law that provides for attorneys' fees; and

10. For such other and further relief as the Court deems proper and just.

**PLAINTIFF, ON BEHALF OF HIMSELF AND THE PUTATIVE CLASS MEMBERS, HEREIN DEMANDS A TRIAL BY JURY OF ALL CAUSES OF ACTION ALLEGED HEREIN.**

DATED: March 15, 2012

THE LAW OFFICES OF
TIMOTHY B. McCAFFREY, JR.

By _____
Timothy B. McCaffrey, Jr.

Attorneys for Plaintiff and Class
Representative Jose Villasenor

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Timothy B. McCaffrey,Jr.(S.B.#192114)
Natasha Chesler (S.B.#227540)
The Law Offices of Timothy B. McCaffrey, Jr
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064
TELEPHONE NO.: (310)882-6407   FAX NO.: (310) 882-6359
ATTORNEY FOR (Name): Plaintiff Jose Villasenor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Villasenor v. Delta Air Lines, Inc., et al.

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 15 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 480926 DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 13
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: March 15, 2012

Timothy B. McCaffrey,Jr.(S.B.#192114)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740; Cal. Standards of Judicial Administration, std. 3.10 |

ORIGINAL



| SHORT TITLE: Villasenor v. Delta Air Lines, Inc., et al. | CASE NUMBER: BC 4 8 0 9 2 6 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II.  Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Villasenor v. Delta Air Lines, Inc., et al. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Villasenor v. Delta Air Lines, Inc., et al. | CASE NUMBER | |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Villasenor v. Delta Air Lines, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1 World Way |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 15, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

**EXHIBIT B**

MORGAN, LEWIS & BOCKIUS LLP
ROBERT JON HENDRICKS, State Bar No. 179751
LARRY M. LAWRENCE, State Bar No. 232720
ALEXANDER M. CHEMERS, State Bar No. 263726
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    213.612.2500
Fax:    213.612.2501
rhendricks@morganlewis.com
llawrence@morganlewis.com
achemers@morganlewis.com

Attorneys for Defendant
DELTA AIR LINES, INC.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 17 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rigena Juliano

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSE VILLASENOR, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>DELTA AIR LINES, INC., a Delaware Corporation; RON PAZ, an individual, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. BC480926<br><br>**ANSWER OF DEFENDANT DELTA AIR LINES, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Date Action Filed:  March 15, 2012 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

**GENERAL DENIAL**

Defendant Delta Air Lines, Inc. ("Defendant") hereby responds to the unverified Complaint for Damages of Plaintiff Jose Villasenor ("Plaintiff") by denying generally each and every allegation contained therein, pursuant to California Code of Civil Procedure § 431.30(d).

**DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

1.    Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the applicable statutes of limitations, including but not limited to the three-year statute of limitations under California Code of Civil Procedure §§ 335.1, 338, 340, California Business and Professions Code §17208, and California Government Code § 12960 and 12965.

**THIRD AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

3.    Plaintiff's claims are barred in whole or in part because the exclusive remedy for his alleged injuries is an action or a claim under the California Workers' Compensation Act.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

### FOURTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

4.    Accommodations, if any, sought by Plaintiff for his alleged disabilities would have imposed an undue hardship on Defendant.

### FIFTH AFFIRMATIVE DEFENSE

#### (Undue Risk of Harm)

5.    Defendant was not required to afford accommodation to Plaintiff to the extent it would have resulted in undue risk of harm to Plaintiff, other individuals, or its property interests.

### SIXTH AFFIRMATIVE DEFENSE

#### (Discrimination, Harassment and Retaliation Prevention)

6.    Defendant took all appropriate actions to prevent any discriminatory, harassing or retaliatory conduct from occurring, thereby satisfying all legal obligations Defendant owed to Plaintiff, if any.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Reasonableness and Good Faith)

7.    Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Business Judgment)

8.    Defendant acted in good faith in accordance with reasonable and sound business judgment, and all decisions affecting Plaintiff were based on legitimate, non-discriminatory reasons.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

9.    Defendant is informed and believes and on that basis alleges that by use of diligent effort, Plaintiff or other members of the putative class could have mitigated the alleged damages, if any.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

**TENTH AFFIRMATIVE DEFENSE**

(Doctrine of Avoidable Consequences)

10.     Plaintiff is barred from recovering any damages pursuant to the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Equitable Indemnity/Proportional Fault)

11.     Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendant, including Plaintiff, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal and Administrative Remedies)

12.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part to the extent that they have failed to exhaust available internal and/or administrative remedies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Exceeds Scope of Administrative Charge)

13.     Plaintiff's claims are barred to the extent that Plaintiff's allegations exceed the scope of his administrative charge.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Discharge)

14.     Pursuant to 11 U.S.C. § 1141, some or all of the Plaintiff and the putative class' claims were discharged following entry of the Confirmation Order in the Chapter 11 Bankruptcy proceeding filed by Defendant and its subsidiaries, and Plaintiffs are permanently enjoined from asserting any such claims that have been previously discharged.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Class Action Claim)

15.     Plaintiff's Complaint, and each claim contained therein, fails to state a class action claim against Defendant because: (a) the types of claims alleged by Plaintiff on behalf of himself and the alleged class (the existence of which Defendant expressly denies) are matters in which individual questions predominate and, accordingly, are not appropriate for class action treatment; (b) Plaintiff fails to meet legal numerosity requirements; (c) the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent; (d) Plaintiff is not "similarly situated" to other putative class members, and therefore cannot pursue a class action lawsuit against Defendant; and (e) Plaintiff is not an adequate representative of his purported class.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

16.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Justification and/or Privilege)

17.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because Defendant's acts and omissions were justified and/or privileged.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Action Unconstitutional)

18.     Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

19.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Waiver of Claims)

20.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Unclean Hands)

21.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (*De Minimis*)

22.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because the purported injury is de minimis and therefore does not trigger liability under applicable law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Substantial Compliance)

23.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because Defendant complied with its statutory obligations, and to the extent it is determined that there was non-compliance, Defendant substantially complied with its obligations and is not liable in whole or in part for Plaintiff's cause of action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excuse)

24.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because Defendant's acts and/or omissions were excused.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Compensatory Damages)

25.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because they fail to state facts sufficient to state a claim for general and/or compensatory damages, including, but not limited to loss of wages and other economic damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

26.     Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which punitive damages may be sought pursuant to Civil Code section 3294 or on any other basis.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

27.     An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (ADA Preemption)

28.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint are barred in whole or in part because they are preempted by the Airline Deregulation Act.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

29.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint claims brought pursuant to California Business and Professions Code Section 17200 are barred in whole or in part in light of the fact that Plaintiff has an adequate remedy at law.

### THIRTIETH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

30.     Defendant alleges that if any damages have been sustained, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or those of the putative members of the purported class defined in the Complaint owed to Defendant against any judgment that may be entered against Defendant.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

31.     The claims of Plaintiff and those of the putative members of the purported class defined in the Complaint, are barred in whole or in part by the principles of accord and satisfaction and payment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Release Through Prior Settlement and/or Severance Agreement)

32.     To the extent that Plaintiff or any putative class member entered into any individual settlement and/or severance agreement, or was covered by and did not opt out of the terms of one or more prior class action settlements involving Defendant, any such individual has released some or all of the claims alleged in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

33.     Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB2/ 23082046.3

1   Defendant reserves the right to assert additional defenses if discovery indicates that they would be

2   appropriate.

3         WHEREFORE, Defendant prays for judgment as follows:

4         1.     That Plaintiff take nothing by this action;

5         2.     That judgment be entered in favor of Defendant and against Plaintiff;

6         3.     That Defendant be awarded its costs of suit;

7         4.     That Defendant be awarded its attorneys' fees incurred herein, including, but not

8   limited to, under Labor Code section 218.5 and/or Code of Civil Procedure 128.7;

9         5.     The Court deny Plaintiff's request to certify this action as a class action; and

10        6.     That the Court award Defendant such other and further relief as the Court may

11  deem proper.

12  Dated: April 17, 2012                          MORGAN, LEWIS & BOCKIUS LLP

13

14

15                                          By    _____
                                                  ROBERT JON HENDRICKS
16                                                LARRY M. LAWRENCE
                                                  ALEXANDER M. CHEMERS
17                                                Attorneys for Defendant
                                                  DELTA AIR LINES, INC.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23082046.3

8

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

    I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132.

    On April 17, 2012, I served the within document(s):

**DEFENDANT DELTA AIR LINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

| | |
|---|---|
| Timothy B. McCaffrey, Jr.<br>Natasha Chesler<br>The Law Offices of Timothy B. McCaffrey, Jr.<br>11377 West Olympic Boulevard, Suite 500<br>Los Angeles, CA  90064-1683<br>T: 310.882.6407/F: 310.882-6359 | Jeffrey K. Winikow<br>The Law Offices of Jeffrey K. Winikow<br>11377 West Olympic Boulevard, Suite 500<br>Los Angeles, CA  90064-1683<br>T: 310.479.0070 |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    Executed on April 17, 2012, at Los Angeles, California.

    I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

                               _____
                                      Connie Torres-Gabig

DB2/ 23082046.3

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132.

On April 17, 2012, I served the within document(s):

**NOTICE OF REMOVAL BY DEFENDANT DELTA AIR LINES, INC.**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Timothy B. McCaffrey, Jr.
Natasha Chesler
The Law Offices of Timothy B. McCaffrey, Jr.
11377 West Olympic Blvd., Suite 500
Los Angeles, CA  90064-1683
T:  310.882.6407/ F: 310.882-6359

Jeffrey K. Winikow
The Law Offices of Jeffrey K. Winikow
11377 West Olympic Blvd., Suite 500
Los Angeles, CA  90064-1683
T:     310.479.0070

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 17, 2012, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

_____
Connie Torres-Gabig

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 69535234.1